UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALLIED INDSTRIAL SUPPLY LLC,
a domestic limited liability company,

       Plaintiff,

v

CHRISTOPHER STONE, an individual,

       Defendant.

Case No. 1:22-cv-00815

HON. Paul L. Maloney

| Andrew A. Cascini (P76640) | Christopher E. LeVasseur (P35981) |
|---|---|
| HENN LESPERANCE PLC | STARK REAGAN, PC |
| Attorney for Defendants | Attorney for Defendant |
| 32 Market Ave., SW, Suite 400 | 1111 W. Long Lake Road, Suite 202 |
| Grand Rapids, MI  49503 | Troy, MI 48098 |
| (616) 551-1611 | (248) 641 9955 |
| aac@hennlesperance.com | clevasseur@starkreagan.com |

## **PLAINTIFF ALLIED INDSTRIAL SUPPLY LLC'S RESPONSE TO ORDER TO SHOW CAUSE**

NOW COMES Plaintiff Allied Industrial Supply LLC ("Allied Industrial"), a Michigan limited liability company, by and through their attorneys, HENN LESPERANCE PLC, and for its Response to this Court's Order to Show Cause dated August 1, 2023 (ECF No. 14), states as follows:

On May 5, 2023, the parties filed a joint status report pursuant to this Court's prior Order entered on February 7, 2023 (ECF No. 11).  On June 26, 2023, this Court entered an Order which lifted the stay in this case and consolidated Case Number 1:23-cv-573, *Stone v Allied Industrial Supply, LLC* into the above-captioned action (ECF No. 13) pursuant to Rule 42 of the Federal Rules of Civil Procedure and Local Civil Rule 41 (LCivR 41.1). The Court's June 26, 2023 Order further required Plaintiff, Allied Industrial, to file an amended complaint for the consolidated matters within 21 days and required

Defendant Stone to file an answer to the amended complaint within 21 days of service of the amended complaint.

After this Court lifted the stay in this case, Plaintiff's counsel sent written communication to Defendant's counsel to confirm that Plaintiff intended to rely on Plaintiff's prior-filed original Complaint in this matter and to provide notice that Plaintiff did not intend to amend its Complaint at this time, because Plaintiff has no desired amendments. (See **Exhibit 1**, Correspondence with Plaintiff's Counsel). This was, after all, a decision entirely consistent with the legal position Plaintiff has relied upon consistently throughout this litigation; specifically, that Plaintiff's Complaint filed in the Western District of Michigan and the Defendant's state court declaratory relief lawsuit (later removed to the District of New Jersey) were materially duplicative, but that Allied Industrial's selection of forum should prevail because it sought substantive as opposed to declaratory relief. Plaintiff's counsel responded indicating his understanding and agreement. (See **Exhibit 1**). Defendant's counsel responded indicating that Defendant had decided to dismiss the case transferred from New Jersey and file a counterclaim along with Defendant's Answer to Plaintiff's original Complaint in this Court. (See **Exhibit 1**).

Because of Plaintiff's failure to file an amended complaint within 21 days of the Court's June 26, 2023 Order (ECF No. 13), the Court entered an Order on August 1, 2023 requiring Plaintiff to "show cause in writing why their claims should not be dismissed for lack of prosecution and failure to comply with a court Order."

## **LEGAL STANDARDS**

Pursuant to Local Civil Rule 41.1, this Court "may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order," and enter an order of dismissal "[i]f good cause is not shown within the time set in the show cause order." L.Civ.R. 41.1. The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,'

governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962) (citations omitted).  Nonetheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted).

The Sixth Circuit employs four factors to determine whether the Court should dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).  However, "'[t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process.'" *Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589) (emphasis in original); *see also Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232-33 (6th Cir. 1983) ("'[D]ismissal with prejudice is warranted only where … a lesser sanction would not better serve the interests of justice.'" (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980))).

## ARGUMENT AND APPLICATION

The Court's issue of the Order to Show Cause was reasonable under the circumstances.  But the Plaintiff's failure to file an Amended Complaint in this case was a result of Plaintiff's mistaken misinterpretation of the Court's June 26, 2023 Order rather than an omission or neglect.  Accordingly, dismissal of this lawsuit is not warranted under the applicable legal standard, and Plaintiff suggests that the Court allow it to remedy the error by affording Plaintiff a (very) brief period of time in which to refile

its initial complaint as a First Amended Complaint in this matter, with Defendant to respond as may be appropriate thereafter.

When considering whether to dismiss a case due to a Plaintiff's failure to timely prosecute, the first factor of willfulness, bad faith or fault is met only when the circumstances demonstrate "a clear record of contumacious conduct," *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997), meaning behavior that is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New International Dictionary* 497 (1986)). The plaintiff's "conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu*, 420 F.3d at 643 (quoting *Mulbah*, 261 F.3d at 591). The conduct at issue here is Plaintiff's failure to file an amended complaint within 21 days following the Court's June 26, 2023 Order lifting the stay in this case and consolidating the lawsuit filed by Defendant Stone in New Jersey. However, given the early stage of this litigation and Plaintiff's compliance with the Court's prior orders, it cannot be established that Plaintiff's conduct amounts to "a clear record of contumacious conduct" warranting the Court's *sua* sponte involuntary dismissal of Plaintiff's claims. *See Carpenter*, 723 F.3d at 705-707. In full candor, Plaintiff interpreted this Court's June 26, 2023 Order to require the filing of an amended complaint *if* the Plaintiff wished to add or omit claims or details from its original complaint, similar to the requirement imposed by an amendment deadline typically found in an ordinary federal district court scheduling order. Although this interpretation was clearly incorrect given the Court's issue of this Show Cause, Plaintiff still intends to rely on either the original filed Complaint in this matter or an Amended Complaint filed upon leave from the Court that is substantively identical in both factual pleadings and claims brought. Consistently with this assertion, Plaintiff's counsel timely informed Defendant's counsel that Plaintiff intended to rely on its original Complaint filed with this Court and did not intend to amend the Complaint. (See **Exhibit**

**1**).  Accordingly, the record does not establish "the kind of contumacious conduct or clear record of delay warranting dismissal." *Carpenter*, 723 F.3d at 707.

The second factor to examine is whether the defendant was prejudiced by the plaintiff's failure. *Mulbah*, 261 F.3d at 589.  "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  Here, Defendant's counsel had adequate notice of Plaintiff's intent to rely on the original Complaint, and "decided the simplest way to move forward is to dismiss the transferred case, and just file a counterclaim with [Defendant's] answer to [Plaintiff's] complaint." (**Exhibit 1**).  Additionally, Plaintiff's counsel offered Defendant's counsel a hypothetical joint stipulation to an extension of time to file an answer to Plaintiff's original complaint should the Defendant have been caught in surprise by Plaintiff's election to rely on its original Complaint. (**Exhibit 1**).  Lastly, Defendant did not move for dismissal based on Plaintiff's failure to file an amended complaint in this matter. *See, e.g., Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (concluding that the fact that the defendant "did not move for dismissal on the ground of plaintiff's noncompliance" militated against finding of dismissal with prejudice).  Accordingly, nothing in the record demonstrates that Defendant wasted substantial time, money, or effort due to Plaintiff's failure to file an amended complaint in this action.

Regarding the third factor, the Court's August 1, 2023 Order to Show Cause is the first of any such warning regarding the consequences of lack of prosecution and failure to comply with a court order.  To be sure, Plaintiff (and Plaintiff's counsel) appreciates the mandatory nature of the Court's orders regardless of whether such orders are accompanied with consequences.  In this case, however, the Plaintiff's interpretation (now revealed as mistaken) concerning the necessity of filing an Amended Complaint was motivated in part by the absence of any indication from the Court's June 26 Order about

HENN LESPERANCE PLC

the consequences of proceeding only under the Plaintiff's initial complaint without an amendment. *See Carpenter*, 723 F.3d at 708 ("This kind of boilerplate warnings, which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal."); *Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997) ("[T]his court has held that routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal."). Further evidence of Plaintiff's good faith efforts to proceed dutifully in litigation of this case can be found based on its filing of the Parties' Joint Status Report Regarding New Jersey Litigation on May 5, 2023 (ECF No. 12). Plaintiff's counsel also timely informed Defendant's counsel that it intended to rely on Plaintiff's original Complaint and did not intend to file an amended complaint. (**Exhibit 1**).

## CONCLUSION

After informing Defendant's counsel of Plaintiff's intent to rely on its original Complaint, Plaintiff mistakenly believed that no further action was required to adequately comply with the Court's June 26, 2023 Order. "'[T]he federal courts have held fairly consistently that, except in extreme circumstances, a court should first resort to the wide range of lesser sanction … before ordering a dismissal with prejudice'" *Carpenter*, 723 F.3d at 709 (quoting Charles Alan Wright et al., 9 *Fe. Practice & Proc. Civil* § 2369 (3d ed.), Plaintiff submits that no sanctions are necessary to protect the integrity of pretrial procedures in this case under these circumstances because (1) Plaintiff's failure was not due to willfulness or bad faith, (2) Defendant was not prejudiced by Plaintiff's failure, and (3) Plaintiff was not warned that failure to comply with the Court's June 26, 2023 Order by filing an amended complaint could lead to dismissal. Plaintiff requests as an alternative to dismissal that the Court afford it three business days to re-file its original complaint as an Amended Complaint, at which time the litigation may proceed without further delay.

          Respectfully submitted,

Dated:  August 10, 2023          */s/Andrew A. Cascini*
          Andrew A Cascini
          HENN LESPERANCE PLC
          32 Market Ave SW, Ste. 400
          Grand Rapids, Michigan 49503
          (616) 551-1611
          aac@hennlesperance.com