UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIED INDUSTRIAL SUPPLY LLC,

      Plaintiff

v.                                                                           Case No. 1:22-cv-815
                                                                             Hon. Paul L. Maloney

CHRISTOPHER STONE

      Defendant
_____/

## DECLARATION OF CHRISTOPHER STONE

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am the Defendant in the above action and the former owner of Lehigh Valley Abrasives, LLC

2. I make this Declaration upon personal knowledge.

3. On February 14, 2025, I visited an internet archive located at web.archive.org, colloquially referred to as the Wayback Machine.

4. The Wayback Machine is an 501(c)(3) dedicated "building a digital library of Internet sites and other cultural artifacts in digital form."

5. The Wayback Machine contains, among other things, archives of 835 billion websites.

6. I searched the site for lehighvalleyabrasives.com, which returned nineteen archives of LVA's website.

7. The first archive was from December 13, 2007. Attached hereto as **Exhibit A** is a true and correct copy of the contact page from that archive.

8. As set forth on that page, by that date, LVA was using the ecommerce platform ProStores and the email address info@lehighvalleyabrasives.com.

9.   I recognize the Exhibit A generally to be consistent with my recollection of LVA's website as it existed at that time.

10. Furthermore, it is consistent with my recollection that I used the ecommerce platform ProStores and the info@lehighvalleyabrasives.com since around the time of LVA's founding.

11. Furthermore, the phone number listed on that page, (908) 892-2865, was the number that I used in connection with transacting LVA's business. That number was transferred to the Plaintiff in connection with my sale of LVA's assets.

12. Attached hereto as **Exhibit B** is a true and correct copy of the asset purchase agreement executed by the parties to the sale of LVA's assets.

13. Following the closing of on the sale of LVA's assets, I provided the Plaintiff with access to all the materials necessary for the Plaintiff to operate the business, including the ProStores account, which had a large portion of LVA's sales history. Attached hereto as **Exhibit C** is a true and correct copy of an email in which the Plaintiff confirmed it had access to the ProStores account.

14. During the post-closing period, certain disputes arose between me and the Plaintiff. One recurring issue was that the Plaintiff would not finalize an agreement on the split of the 2014 manufacturer's rebates. Attached hereto as **Exhibit D** is a true and correct copy of one example of many in which I attempted to resolve that issue to no avail.

15. More than seven years after the closing, I intended to send a solicitation on behalf of my new company, xpabrasives.com, to a customer I knew from when I operated LVA. Attached hereto as **Exhibit E** is a true and correct copy of the referenced solicitation.

16. During the post-closing period, the Plaintiff was able to add his email address to the Google AdWords account so that he had access to all those tools. Attached hereto as **Exhibit F** is

a true and correct copy of an email in which the Plaintiff confirmed that it had access to the

Google AdWords account.

17. To evaluate whether my competing activity violated the Non-Compete Agreement, I

reviewed a 40-mile radius tool that showed that 40-miles from Grand Rapids, Michigan is

completely contained within that state. Attached hereto as **Exhibit G** is a true and correct copy of

that map.

18. In connection with the Motion for Summary Judgment, I reviewed the scrapes of the US

Tool and xpabrasives.com websites. Although I have not looked at every single page, I noted that

the copyright on those pages is from 2022, which is after the expiration of the Non-Compete

Agreement.

I declare under the penalty of perjury, that the foregoing is true and correct.

_____
Christopher Stone

Executed on this 14th Day of February 2025

a true and correct copy of an email in which the Plaintiff confirmed that it had access to the Google AdWords account.

17. To evaluate whether any competing activity violated the Non-Compete Agreement, I reviewed a Google radius that illustrates a 40 mile area from Grand Rapids, Michigan is completely contained within that state. Attached hereto as Exhibit G is a true and correct copy of that map.

18. In connection with the Motion for Summary Judgment, I reviewed the scrapes of the US Tool and x-pubservices.com websites. Although I have not looked at every single page, I noted that the copyright on those pages is from 2022, which is after the expiration of the Non-Compete Agreement.

I declare under the penalty of perjury, that the foregoing is true and correct.

Christopher Stone

Executed on this 14th Day of February, 2024