UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

ALLIED INDUSTRIAL SUPPLY LLC,
a domestic limited liability company,

    Plaintiff,

v

CHRISTOPHER STONE, an individual,

    Defendant.

Case No. 1:22-cv-00815

HON. Paul L. Maloney

| Andrew A. Cascini (P76640)<br>Clayton J. Prickett (P86745)<br>HENN LESPERANCE PLC<br>Attorney for Plaintiff<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>acascini@hennlesperance.com<br>cprickett@hennlesperance.com | Amanda P. Narvaes (P74957)<br>Elliot J. Gruszka (P77117)<br>DREW, COOPER & ANDING, P.C.<br>Attorneys for Defendant<br>80 Ottawa Ave. NW Ste 200<br>Grand Rapids, MI 49503<br>(616) 454-8300<br>anarvaes@dca-lawyers.com<br>egruszka@dca-lawyers.com |
|---|---|

**PLAINTIFF ALLIED INDUSTRIAL SUPPLY LLC'S MOTION TO REOPEN DISCOVERY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENT TO ITS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF 94)**

    Plaintiff Allied Industrial Supply, LLC ("Allied Industrial") requests that this Court grant its request to reopen discovery in light of previously undisclosed evidence that was not provided to Allied Industrial, despite Allied Industrial requesting it, until after the close of discovery. In the alternative, Allied Industrial request that the Court grant it leave to file a supplement to its Response to Defendant's Motion for Summary Judgment (ECF 94) in light of the documents recently produced by Web Adaptive, LLC ("Web Adaptive"). Pursuant to W.D. Mich. LCivR 7.1(d), counsel for the parties conferred via email on August 5 and 6, 2025 and via telephone conference on August 14, 2025 to determine whether Defendant intended to concur with or

oppose this Motion, and Defendant's counsel announced Defendant's intent to oppose the Motion on August 14 after no compromise could be reached.

As explained more fully in the accompanying Brief in Support, Allied Industrial requests the following relief from the Court:

- An Order reopening discovery for two additional months to allow Allied Industrial to conduct written and other discovery including (but not limited to) deposing appropriate business representatives from Web Adaptive, re-opening the deposition of Defendant Stone, and making written and other discovery requests relevant to All Weld;

- In the alternative, an Order permitting Allied Industrial to file a supplemental paragraph and documents (attached as Exhibit 1) to its Response to Defendant's Motion for Summary Judgment (ECF 94);

- Any additional relief the Court deems fair and appropriate.

Respectfully submitted,

Dated:  August 15, 2025

/s/ Andrew A. Cascini
Andrew A Cascini (P76640)
Clayton J. Prickett (P86745)
HENN LESPERANCE PLC
32 Market Ave SW, Ste. 400
Grand Rapids, Michigan 49503
(616) 551-1611
aac@hennlesperance.com
cjp@hennlesperance.com

HENN LESPERANCE PLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALLIED INDUSTRIAL SUPPLY LLC,
a domestic limited liability company,

      Plaintiff,

v

CHRISTOPHER STONE, an individual,

      Defendant.

Case No. 1:22-cv-00815

HON. Paul L. Maloney

| Andrew A. Cascini (P76640)<br>Clayton J. Prickett (P86745)<br>HENN LESPERANCE PLC<br>Attorney for Plaintiff<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>aac@hennlesperance.com<br>cjp@hennlesperance.com | Amanda P. Narvaes (P74957)<br>Elliot J. Gruszka (P77117)<br>DREW, COOPER & ANDING, P.C.<br>Attorneys for Defendant<br>80 Ottawa Ave. NW Ste 200<br>Grand Rapids, MI 49503<br>(616) 454-8300<br>anarvaes@dca-lawyers.com<br>egruszka@dca-lawyers.com |
|---|---|

**BRIEF IN SUPPORT OF PLAINTIFF ALLIED INDUSTRIAL SUPPLY LLC'S MOTION TO REOPEN DISCOVERY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENT TO ITS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF 94)**

**INTRODUCTION AND FACTUAL BACKGROUND**

In 2014, Defendant Christopher Stone sold his abrasives company, Lehigh Valley Abrasives, to Plaintiff Allied Industrial Supply ("Allied Industrial"). Along with this sale, Stone agreed to a 7 year non-compete and non-solicitation agreement, which was set to expire on October 13, 2021. (*See* Non-Competition and Confidentiality Agreement, attached as Exhibit A to Complaint, PageID.33). However, before the end of the non-compete and non-solicitation period, Allied Industrial caught wind that Stone had violated their agreement. Accordingly, Allied Industrial brought this action, alleging, among other things, breach of contract.

Through discovery, Stone has obstructed Allied Industrial's attempts to learn the extent of Stone's breaches of the agreement. Most recently, as the Court is aware, Allied Industrial learned that a web design company, Web Adaptive, LLC ("Web Adaptive"), played a crucial role in Stone's scheme by creating the websites for Stone's competitive businesses. To that end, Allied Industrial subpoenaed documents from Web Adaptive, before the discovery cutoff deadline, to further uncover the extent Stone's breaches of the agreement. Stone's attempts to quash this subpoena failed (twice), and the Court awarded Allied Industrial its attorney fees incurred responding to Stone's unfounded motions to quash. (*See* ECF No. 100; ECF No. 103). Web Adaptive provided responsive documents to Special Master Jeff Muth. Mr. Muth, in turn, produced responsive documents to Allied Industrial. These documents provided additional evidence that Stone explicitly breached the non-compete agreement.

On June 14, 2021 (four months before the non-compete and non-solicitation agreement expired), Stone emailed William Offutt, the President of Web Adaptive, and requested Mr. Offutt to develop a website for a new company that would rival Allied Industrial. Specifically, Stone told Offutt:

> Things are going well with All Weld. Our sales are meeting our forecast of 30k to 40k per month in the first year of business and direct sales on the web-site are growing.
>
> When I sold Lehigh Valley Abrasives I had a non-compete and could not sell similar products. ***That non-compete has expired***. I am ***now going to sell all the items I used to sell*** and develop a new webite [sic] similar to what we did with All Weld. For this endeavor I will be the sole owner.

(Email attached as Exhibit 2 hereto (the "June 14, 2021 email") (emphasis added).

The June 14, 2021 email from Stone to Web Adaptive is worrisome for two primary reasons. First, the email references a previously undisclosed business entity: "All Weld." Despite

-2-

being asked about his current and former business ventures during his deposition, Stone did not disclose any ownership in a company called "All Weld":

> Q: And what do you consider your occupation to be? What do you do for a living?
>
> A: I am a small business owner.
>
> Q: Okay. What small businesses do you own?
>
> A: US Tool Depot.
>
> . . .
>
> Q: . . . But first I want to ask you another question, do you own any other small businesses other than US Tool Depot?
>
> A: No.
>
> Q: Historically have you owned any other small businesses other than US Tool Depot?
>
> A: Well, I owned Lehigh Valley Abrasives. And prior to that I was a partner in a manufacturing company called Kason Corporation.

(Exhibit 3, Stone Deposition, p. 8-9). Yet, in the June 14, 2021 email, Stone discusses All Weld as if he is its owner. He refers to "our" sales and "our" forecast and requests a website for a new company that is similar to the website "we" did for All Weld. This is problematic, as it provides yet another potential avenue that Stone used to compete against Allied Industrial in violation of their noncompete agreement.

Second, the email directly contradicts a main argument in Stone's Motion for Summary Judgment ("Stone's MSJ"). In Stone's MSJ, he argues that he did <u>not</u> breach his non-compete agreement, because that agreement did not prevent Stone from "planning on competing" with Allied Industrial. (ECF 81, PageID.876). While Stone's argument is erroneous for several reasons, it is rendered even more flawed in light of the June 14, 2021, email, where Stone explicitly admits that he (1) believed his non-compete agreement had expired in June 2021 and

was engaging in competitive activity based on that erroneous assumption; (2) formed a company during the non-compete period; and (3) created a website to compete with Allied Industrial during the non-compete period.

Unfortunately, because of Stone's unfounded attempts to quash a valid subpoena, Stone's June 14, 2021 email was not produced to Allied Industrial until after the close of discovery and after Allied Industrial filed its Response to Stone's MSJ. If the June 14, 2021 email and other information about Web Adaptive's role in Stone's creation of US Tool Depot, XP Abrasives, and now All Weld had been provided when Allied Industrial requested it, Allied Industrial could have explored whether All Weld, too, was one of Stone's competitive ventures during discovery and could have used these materials in its Response to Stone's MSJ.

Regrettably, this is far from the first time that the Defendant has untimely or incompletely provided Plaintiff with discovery productions. Indeed, Stone's prior conduct repeatedly prejudiced Plaintiff from meaningfully pursuing its claims against him. As the Court is aware, Defendant inexcusably delayed or failed to meaningfully answer Plaintiff's paper discovery on at least two prior occasions, requiring Plaintiff to draft <u>two</u> separate Motions to Compel, with one of those two being filed with the Court for intervention. In both cases, Defendant and Plaintiff eventually reached a stipulation about how Stone would fulfill his discovery obligations, with the latter being resolved through an adopted Order of the Court which (among other obligations) required both Plaintiff and Defendant to:

> …[P]rovide their respective customer and sales information to the neutral as soon as possible after engagement but in sufficient time for the neutral [mediator] to provide a response by November 30, 2024.

(Discovery Order, ECF 64, PageID.722).

Allied complied with its obligations; Stone purportedly did too. But the mediator's report, issued following his review of the produced documents, clearly specifies that Stone submitted client lists that omitted certain information which made the comparison exercise functionally challenging:

> Importantly, the data from the two parties had differences in presentation that limited our ability to fully compare them. First, Allied provided the email address and phone numbers of their customers while Stone did not. Therefore, we could not compare customer contact information.

(Exhibit 4, Muth Report Summary, p. 3).

In short, discovery deficiencies and inadequacies on the part of the Defendant have materially prejudiced Allied Industrial both before the production of the Web Adaptive documents and as a part of that production. Taken together, this record supports the conclusion that Allied Industrial must be given additional time in discovery to gather the evidence to which Allied Industrial should have been entitled to review during the now-expired discovery period. And specifically, because the Web Adaptive email directly supports Allied Industrial's claims and refutes the arguments made in Stone's MSJ and because Allied Industrial's inability to engage in further discovery or include the email in its Response was due to Stone's obstructions and delays, Allied Industrial requests to reopen discovery to permit it to conduct additional discovery. In the alternative, if the Court is not inclined to briefly reopen discovery, Allied Industrial requests that it be permitted to file the attached Exhibit 1 to supplement its Response to Defendant's Motion for Summary Judgment (ECF 94) and include the June 14, 2021, email in the summary judgment record.

HENN LESPERANCE PLC

## ARGUMENT

**I.     The Court should grant Allied Industrial leave to reopen discovery to allow Allied Industrial to conduct additional discovery.**

District courts have broad discretion under the Federal Rules of Civil Procedures to manage the discovery process and control their dockets. *See Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Courts in the Sixth Circuit consider five factors when deciding whether to reopen discovery: (1) "when the moving party learned of the issue that is the subject of discovery," (2) "how the discovery would affect the ruling," (3) "the length of the discovery period" (4) "whether the moving party was dilatory," and (5) "whether the adverse party was responsive to prior discovery requests." *Audi AG v. D'Amato*, 469 F.3d 534, 541 (2006). The overarching inquiry when considering whether to grant additional time for discovery is whether the moving party was diligent in pursuing discovery. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). These factors all weigh in favor of Allied Industrial's request to allow additional time for discovery.

First, Allied Industrial did not learn of the issue that motivated this Motion until after discovery closed. Despite its best attempts, Stone's repeated obstruction and delay prevented Allied Industrial from learning of Web Adaptive's role in Stone's scheme and All Weld's existence until after discovery closed.

Second, the additional discovery could substantially affect the Court's ruling. As revealed by the June 14, 2021, email, Stone began competing with Allied Industrial longer than before the non-compete agreement terminated. Unbeknownst to Web Adaptive, it played a significant role in assisting Stone in violating the non-compete by creating a website to sell the competitor's products. By deposing Web Adaptive, Allied Industrial seeks to discovery additional evidence that Stone violated the non-compete. Moreover, Web Adaptive likely has additional evidence to

support Allied Industrial's other claims, such as evidence concerning Stone's trade secret and copyright violations. Likewise, reopening discovery would allow Allied Industrial to further explore All Weld and whether it, too, was a competitive business venture and another one of Stone's violations of the noncompete.

Third, the additional discovery period need not be long. Although a trial date is set, it is not scheduled to begin until October 7, 2025, leaving plenty of time to conduct the deposition and other necessary discovery requests to further investigate this issue before trial.

Fourth and fifth, Allied Industrial was not dilatory; to the contrary, its request is caused by Stone's refusal to properly respond to Allied Industrial's discovery requests. Despite being asked about how he populated his websites for XP Abrasives and US Tool Depot, Stone failed to reveal that Web Adaptive populated those websites until months later in his deposition. And despite being asked in his deposition whether he currently or formerly owned any other businesses, Stone did not disclose that he owned All Weld. (Ex. 3, p. 8-9). Thus, Stone's refusal to respond to Allied Industrial's diligent discovery requests and the late responses to Allied Industrial's discovery have precipitated Allied Industrial's current request to reopen discovery.

Lastly, the Court has recently granted a request for adjournment of trial and other associated deadlines leading up to this Motion being filed. This means that few set deadlines would be disrupted by permitting Allied Industrial to engage in additional discovery.

**II.     The Court should grant Allied Industrial leave to file a supplement to its Response to Stone's Motion for Summary Judgment to include previously un-disclosed evidence.**

Courts allow parties to file supplemental materials to a response to a motion for summary judgment upon leave of Court for good cause shown, and the Court may incorporate those supplemental materials into the original response. *See Sexual Sin De Un Adbul Blue v. Rouge*,

No. 16-CV-10526, 2017 WL 492074, at *3 (E.D. Mich. Feb. 7, 2017) (granting plaintiff's unopposed request to supplement response to defendant's motion for summary judgment because the plaintiff received the defendant's discovery responses after filing initial response to defendant's MSJ); *La Grasso Bros. Inc. v. Am. Foodservice, LLC*, 10-10711, 2011 WL 891221, at *2 (E.D. Mich. March 11, 2011)"[I]f the filing of an electronically submitted document requires leave of court, such as an amended complaint or brief in excess of word count or page limits, the proposed document must be attached as an exhibit to the motion seeking leave to file." W.D. Mich. LCivR 5.7(f).

The Court has discretion to grant a party's motion to supplement or amend the record. *Duha v Agrium, Inc.*, 448 F.3d 867, 881 (6th Cir. 2006). Courts in the Sixth Circuit generally require the moving party to show good cause for filing supplemental materials. *See Russell v. Storey*, 2:23-cv-116, 2024 WL 3886385, at *26 (W.D. Mich. Aug. 21, 2024).

Allied Industrial has good cause for the Court to grant leave to file a short supplemental brief refuting Stone's summary judgment arguments and including the June 14, 2021 email. In Stone's Motion for Summary Judgment, he argues that his mere preparation to compete with Allied Industrial is not a breach of the non-compete agreement between Stone and Allied Industrial. (ECF 81, PageID.876). While Allied Industrial was able to refute this erroneous argument using the limited materials Stone produced during discovery, Stone's discovery abuses deprived Allied Industrial of key evidence refuting his claim that he was merely "preparing" to compete.

After Allied Industrial first subpoenaed Web Adaptive during discovery, Stone filed a motion to quash this subpoena, which the Court denied. And after Allied Industrial simply reissued an identical subpoena to Web Adaptive to correct the address, Stone filed yet another

motion to quash, which the Court again denied and granted Allied Industrial's attorney fees for responding to Stone's motion. As Allied Industrial argued in its response to Stone's second motion to quash, the cumulative effect of Stone's repeated motions to quash (as well as his other discovery obstructions) deprived Allied Industrial the opportunity to use materials produced from the Web Adaptive subpoena to support Allied Industrial's Response to Stone's Motion for Summary Judgment, resulting in a potential prejudice to Allied Industrial. (ECF 98, PageID. 1944).

But the potential harms to Allied Industrial's interests that may have resulted from Stone's unmeritorious attempts to quash Allied Industrial's subpoenas have ripened into actual prejudice now that Web Adaptive has produced documents responsive to Allied Industrial's subpoena. On June 14, 2021, Stone emailed Web Adaptive, stating,

> When I sold Lehigh Valley Abrasives I had a non-compete and could not sell similar products. That non-compete has expired. I am now going to sell all the items I used to sell and develop a new webite [sic] similar to what we did with All Weld. For this endeavor I will be the sole owner.

(Exhibit 2). This email directly conflicts with Stone's argument that Stone merely prepared to compete. Even if mere preparations would not constitute a breach (an interpretation that is belied by the plain language of the agreement), the June 14, 2021 email shows that Stone went beyond mere preparation. Indeed, this email contains a direct admission from Stone that he erroneously believed the non-compete agreement was expired as of June 2021 and was acting under the false assumption to engage in competitive activity before the non-compete agreement expired. Yet Stone's obstructive motions to quash prevented Allied Industrial from including this evidence in its Response to Stone's Motion for Summary Judgment. Because Allied Industrial exercised significant diligence to obtain this evidence despite Stone's obstruction, good cause exists to allow Allied Industrial to supplement its Response.

## CONCLUSION

For the reasons listed above, Plaintiff Allied Industrial Supply, LLC, requests that the Court GRANT its motion for leave by entering:

- An Order reopening discovery for two additional months to allow Allied Industrial to conduct written and other discovery including (but not limited to) deposing appropriate business representatives from Web Adaptive, re-opening the deposition of Defendant Stone, making written and other discovery requests (including at least five interrogatories) to Defendant Stone, and potentially sending subpoenas to third-parties;

- In the alternative, an Order permitting Allied Industrial to file a supplemental paragraph and documents (attached as Exhibit 1) to its Response to Defendant's Motion for Summary Judgment (ECF 94);

- Any additional relief the Court deems fair and appropriate.

Respectfully submitted,

Dated: August 15, 2025

*/s/ Andrew A. Cascini*
Andrew A. Cascini (P76640)
Clayton J. Prickett (P86745)
HENN LESPERANCE PLC
32 Market Ave SW, Ste. 400
Grand Rapids, Michigan 49503
(616) 551-1611
acascini@hennlesperance.com

**CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitation of W.D. Mich. LCivR 7.3(b)(i) because this brief contains 2,613 words, excluding the parts of the brief exempted by W.D. Mich. LCivR 7.3(b)(i).

2.  This brief has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO (Version 2402).

Dated: August 15, 2025

/s/ Andrew A. Cascini
Andrew A. Cascini (P76640)
HENN LESPERANCE PLC
32 Market Ave. SW, Ste. 400
Grand Rapids, MI 49503
(616) 551-1611

**CERTIFICATE OF SERVICE**

I certify that on August 15, 2025 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel of record.

/s/ Ashleigh Cieslinski
Ashleigh Cieslinski,
Legal Assistant