UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALLIED INDUSTRIAL SUPPLY LLC,
a domestic limited liability company,

       Plaintiff,

v

       Case No. 1:22-cv-00815

       HON. Paul L. Maloney

CHRISTOPHER STONE, an individual,

       Defendant.

| Andrew A. Cascini (P76640) <br> Clayton J. Prickett (P86745) <br> HENN LESPERANCE PLC <br> Attorney for Plaintiff <br> 32 Market Ave., SW, Suite 400 <br> Grand Rapids, MI 49503 <br> (616) 551-1611 <br> aac@hennlesperance.com <br> cjp@hennlesperance.com | Amanda P. Narvaes (P74957) <br> Elliot J. Gruszka (P77117) <br> DREW, COOPER & ANDING, P.C. <br> Attorneys for Defendant <br> 80 Ottawa Ave. NW Ste 200 <br> Grand Rapids, MI 49503 <br> (616) 454-8300 <br> anarvaes@dca-lawyers.com <br> egruszka@dca-lawyers.com |
|---|---|

**SUPPLEMENT TO ALLIED INDUSTRIAL SUPPLY'S RESPONSE TO DEFENDANT CHRISTOPHER STONE'S MOTION FOR SUMMARY JUDGMENT**

      In Stone's Motion for Summary Judgment, he argues that "planning on competing" during the restrictive period does not constitute a breach of the non-compete agreement. (PageID.877). His Motion further argues that "Stone *did not* populate his website with products . . . before the expiration of the Non-Compete Agreement term." (PageID.877) (emphasis in original). While Allied Industrial's initial Response Brief refutes Stone's flawed interpretation of the relevant language in the agreement (PageID.1826-1827), the documents produced by Web Adaptive create (yet another) fact dispute on Stone's erroneous interpretation of the Non-Compete Agreement. To this end, Allied Industrial requests that the Court insert the following paragraph in Allied's Response to Stone's Motion for Summary Judgment, ECF No. 94, which

shall supplement Allied Industrial's argument found on PageID.1827. With leave of Court, the following supplemental paragraph would be inserted before the first full paragraph on PageID.1827:

Stone's argument that merely "planning on competing" and that he "*did not* populate his website with products . . . before the expiration of the Non-Compete Agreement term" is factually incorrect. (PageID.877) (emphasis in original). Indeed, on June 14, 2021, before the expiration of the non-compete agreement, Stone authored the following email[1] to Web Adaptive, LLC, a website development company:

> When I sold Lehigh Valley Abrasives I had a non-compete and could not sell similar products. ***That non-compete has expired***. I am ***now*** going to sell all the items I used to sell and develop a new webite [sic] similar to what we did with All Weld. For this endeavor I will be the sole owner.

Stone—speaking in the present tense—stated that the non-compete was expired, so he was going to sell products to rival the products sold by Allied. By claiming that the non-compete "has expired," stating that he will "now" sell all items he used to sell, and ordering a new website to sell these items, it is evident that Stone was not merely "planning" to compete with Allied Industrial. (Exhibit 5; PageID.877). Moreover, his email to Web Adaptive—at a minimum—creates a factual dispute as to whether Stone "populate[d] his website with products . . . before the expiration of the Non-Compete Agreement term." (PageID.877). Stone's instruction to Web Adaptive was a present-tense request for Web Adaptive to create a competing website and populate it with products before the Non-Compete Agreement expired. And nothing in the email suggests Stone asked Web Adaptive to delay creating a competing website until after Stone's non-compete expired. To the contrary, Stone enlisted the services of Web Adaptive to assist him in competing with Allied Industrial *before* the non-compete expired.

HENN LESPERANCE PLC